## L. F. E. JARVIS and E. S. JARVIS, Respondents, v. THE FOUNTAIN WATER COMPANY, Appellants.

An award rendered upon a fair arbitration of a matter in dispute between two parties, and for a long time after concurred in, must be held to be conclusive.

APPEAL from the District Court of the Fifth Judicial District, Tuolumne County.

The action was for damages alleged to have been sustained by the plaintiffs by reason of the diversion by the defendants of certain streams of water flowing from springs upon the plaintiffs' land.

At the trial defendants offered in evidence an award of five arbitrators, to whom had been submitted to decide upon the conflicting claims of the parties to this suit, in relation to the streams of water which are the subject of controversy in this action. It appeared that a bond had been given to abide by the decision of the arbitrators, and that the award by them had been acquiesced in by both parties for a series of years.

Defendants counsel requested the Court to instruct the jury " that if two parties enter into a sealed agreement to abide the decision of persons chosen by each in reference to a subject in dispute between them, and such persons decide such subject in dispute with the knowledge and approbation of both parties, and they afterwards act upon such decision, each party is estopped by it "

The Court refused the instruction and charged the jury " that the agreement to arbitrate did not estop the plaintiffs from maintaining their action, for the reason that it was not made in accordance with the terms of the statute; but that the jury might consider it in mitiga-

tion of damages, and if they believed from the evidence that both par-
ties acquiesced in it and had complied with its terms, then they should
find for the defendants; but if they believed from the evidence that
neither party acquiesced in it or complied with the terms, then they
should find such damages, as from the evidence, they should deem the
plaintiffs had sustained."

The jury found a verdict for the plaintiffs. Defendants moved for a
new trial; which motion the Court overruled. Defendants appealed.

*H. P. Barber*, for Appellants.

1. The Judge erred in permitting the *effect* of the award to go to
the jury as matter of fact. It was conclusive between the parties and
a question of law for the Court, and could not *under any circumstances*
be impeached collaterally. 2 Cal., 123. 2 Johns., 62. 3 Ib., 367.
9 Ib., 212. 10 Ib., 143. 5 Cow., 425. 1 Hill, 319, 489. 2 Ib., 271.
12 Wend., 212, 578. 10 Ib., 589. 1 Denio, 257. 6 Met., 131. 10
Pick., 348. 1 Barb. Ch. R., 173.

2. The refusal of the Court to charge, as requested by defendants'
counsel, was erroneous. See authorities last cited.

3. The verdict was most unconscionable. The defendants had taken
the water under their rights acquired by the award, without objection
for a period of three years, during which time plaintiffs had made no
attempt to set aside the award in any manner. After an interval of
three years quiet possession and uninterrupted enjoyment, a jury under
the influence of improper testimony and erroneous ruling, give a verdict
which, even under circumstances of aggravation would be deemed large.

4. Appellants are entitled to a reversal of the judgment. 19
Wend., 232. 9 Barb., 623. 1 Com. Rep., 519.

*Edward F. Hunter*, for Respondents.

No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court. BRYAN, J.,
concurred.

The award rendered upon a fair arbitration of the matter in dispute,
and long concurred in, was conclusive of the rights of the parties, and
should so have been held by the Court below.

The judgment is reversed and the case remanded.